UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

LONNIE LEE POSLOF, JR.,

Petitioner,

v.

ON HABEAS CORPUS,

Respondent.

Case No.: 1:26-cv-06642-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS SUCCESSIVE**

(Doc. 1)

14-Day Objection Period

Clerk of the Court to Assign District Judge

## I. INTRODUCTION

Petitioner is a state prisoner proceeding pro se and *in form pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He filed the instant petition on August 20, 2026. (Doc. 1.) The petition challenges a 2017 conviction in Merced County Superior Court for oral copulation with a minor and lewd act on a child. The Court takes judicial notice of Petitioner's prior petition for writ of habeas corpus challenging the same conviction in *Poslof v. Attchley*, No. 1:21-cv-00339-JLT-HBK (HC).[1] The Court denied the petition on the merits on June 18, 2025. (*See* 1:21-cv-00339, Doc. 53.) Because the instant petition is successive, the Court will recommend its dismissal.

## II. DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary

[1] *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (a court may take judicial notice of its own records).

review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). A court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Therefore, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. *See Felker v. Turpin*, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject matter jurisdiction over a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001).

As noted above, Petitioner challenges his 2017 conviction in the Merced County Superior Court for oral copulation with a minor and lewd act on a child. Petitioner previously sought and was denied federal habeas relief in this Court with respect to the same conviction in *Poslof v. Attchley*, Case No. 1:21-cv-00339-JLT-HBK (HC). The undersigned finds that the instant petition is "second or successive" under 28 U.S.C. § 2244(b). Petitioner makes no showing that he has

obtained prior leave from the Ninth Circuit to file his successive petition. 28 U.S.C. § 2244(b)(2)(A)-(B). Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. *Burton*, 549 U.S. at 157; *Felker*, 518 U.S. at 656-657; *Cooper*, 274 F.3d at 1274.

## III. ORDER AND RECOMMENDATION

Accordingly, the Clerk of the Court is **DIRECTED** to randomly assign a district judge to this action.

Further, for the reasons given above, the undersigned **HEREBY RECOMMENDS** that the petition for writ of habeas corpus be **DISMISSED** as successive and that Petitioner's related "Motion for Permission to File a Habeas Corpus Petition in the District Court as Successive" (Doc. 2) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 27, 2026**

Erin Sanchez Castillo

UNITED STATES MAGISTRATE JUDGE